UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GERARDO HERRERA, et al., ) <br> ) <br>              Plaintiffs, ) <br>   vs. ) <br> ) <br> NATIONSTAR MORTGAGE, LLC, et al., ) <br> ) <br>              Defendants. ) <br> ) | Case No.: 2:16-cv-01043-GMN-GWF <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 30), filed by Defendant Nationstar Mortgage, LLC ("Nationstar") and joined by Defendant Quality Loan Service, Corp. ("Quality Loan") (collectively "Defendants"). Plaintiffs Gerardo Herrera and Estate of Genny Herrera (collectively "Plaintiffs") filed a Response, (ECF No. 33),[1] and Defendants did not file a Reply. For the reasons set forth herein, Defendants' Motion to Dismiss is **GRANTED in part and DENIED in part**.

I.    <u>BACKGROUND</u>

This case concerns a dispute over a loan agreement and the potential foreclosure of the real property located at 586 Jackson Drive, Henderson, NV 89014 ("the Property"). Plaintiffs first acquired the Property in February 2005. (Compl. ¶ 12, ECF No. 1). To secure payment for the Property, Plaintiffs executed a Promissory Note (the "Note") and Deed of Trust ("Deed of Trust") (collectively "the loan agreement"). (*Id.* ¶ 14). Thereafter, Plaintiffs allegedly "experienced a major reduction in income," which Plaintiffs claim made it difficult to make monthly payments on the loan agreement. (*Id.* ¶¶ 15, 16). As a result, Plaintiffs applied for the

---

[1] In light of Plaintiffs' status as *pro se* litigants, the Court has liberally construed their filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Home Affordable Modification Program ("HAMP"), expecting that a loan modification would provide relief from a pending foreclosure. (*Id.* ¶ 17). After submitting financial statements and hardship letters, Plaintiffs allegedly were told that the application "was still in review and no documents were being requested." (*Id.* ¶ 20). On August 30, 2015, Plaintiffs received notice from Quality Loan that the loan agreement was in default. (*Id.* ¶ 21). After following up with Nationstar, Plaintiffs allegedly were informed that the property faced foreclosure. (*Id.*).

On May 9, 2016, Plaintiffs filed a Complaint and Application for Temporary Restraining Order, alleging over a dozen claims against Defendants. On August 12, 2016, Nationstar filed the instant Motion, seeking dismissal on Plaintiffs' claims with prejudice.

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id*. Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

#### a. General Deficiencies in the Complaint

As a preliminary matter, Quality Loan correctly notes that the Complaint fails to provide adequate notice as to which specific allegations pertain to which defendants. (*See* Joinder to Mot. to Dismiss 3:16–17, ECF No. 32). As stated above, a pleading must give "fair notice of a legally cognizable claim and the grounds on which it rests." *Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ. P. 8(a). The purpose of this requirement is not only to provide defendants with a fair opportunity to respond to allegations, but also to ensure the effective use of the Court's

resources. *See McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (finding dismissal appropriate under Federal Rule of Civil Procedure 8 because "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges.").

Here, the Complaint's factual background implies that the majority of claims apply to Nationstar; however, the Complaint does not actually differentiate between Defendants. Rather, each claim (and many of the facts) reference only a collective "Defendants" without detailing how each individual Defendant is implicated. (*See* Compl.).  Moreover, the facts in the Complaint are predominantly vague statements and largely amount to mere legal conclusions.  Adding to the confusion, the Complaint also includes two separate sections of claims, which are divided by Plaintiff's "Application for Temporary and Permanent Injunction." (*Id.* ¶¶ 27–100).[2]  The Court therefore finds that the Complaint falls short of the pleading requirements and should be dismissed with leave to amend.  In the interest of efficiency, however, the Court will still address Defendants' remaining challenges to the individual claims.

### b. Breach of Contract

To establish a breach of contract claim, a plaintiff must show that: (1) there was a valid contract; (2) the defendant breached the terms of the contract; and (3) the plaintiff suffered damages as a result of the breach. *See Brown v. Kinross Gold U.S.A., Inc.*, 531 F.Supp.2d 1234, 1240 (D. Nev. 2008).

Plaintiffs allege a breach of contract claim against Defendants based on the February 2005 loan agreement. (Compl. ¶ 28).  Specifically, Plaintiffs allege that Defendants breached the agreement by "charging Plaintiffs marked-up fees for late charges, escrow, and failing to

---

[2] Plaintiffs filed their Complaint in the same document as the "Application for Temporary and Permanent Injunction."  The filing includes a number of claims intermixed sporadically.  The Court notes that in any subsequent amendments, the Complaint itself should include a full and consistent list of all the causes of action that Plaintiffs are asserting.

disclose the actual costs to [Plaintiffs] for these services." (*Id.* ¶ 30). Plaintiffs also allege that Defendants violated the Nevada Constitution and Nevada Property Code and therefore have no right to foreclosure. (*Id.* ¶ 31). Lastly, Plaintiffs allege that Defendants repeatedly promised Plaintiffs that "they would modify the [loan agreement]," but failed to do so. (*Id.* ¶ 33)

In its motion to dismiss, Nationstar argues that the Complaint fails to state a claim for breach of contract because it does not "identify which provision of which contract Nationstar violated." (Mot. to Dismiss 6:10–12, ECF No. 30). Nationstar is correct. Here, the Complaint does not reference any specific provision in the loan agreement that Defendants allegedly breached. Absent such information, Defendants cannot accurately determine which "marked-up fees" or modification provisions are at issue. Therefore, the Court finds that Plaintiffs have failed to satisfy the second prong of the breach of contract analysis and will grant dismissal without prejudice as to this claim.

### c. California Consumer Credit Code and Federal Debt Collection Practices Act

Plaintiffs allege that Defendants violated the California Consumer Credit Code, noting that the loan documents were initiated in California. (Compl. ¶ 37). However, Plaintiffs fail to demonstrate that California law applies. To the contrary, both Plaintiffs and the property at issue reside in Nevada, and Plaintiffs initiated the case in Nevada. (*Id.* ¶ 12). Furthermore, the deed of trust indicates that the applicable law is that of the "jurisdiction in which the Property is located." (Deed of Trust, Ex. A to Compl.). Accordingly, the Court will dismiss Plaintiffs' claim under the California Consumer Credit Code with prejudice.

Plaintiffs also bring a claim under the Federal Debt Collection Practices Act pursuant to 15 U.S.C 1692e(2)(A). Specifically, Plaintiffs allege that Defendants: (1) misrepresented the character, extent, or amount of a consumer debt; (2) wrongfully accelerated the loan; and (3) imposed wrongful charges against Plaintiffs. (Compl. ¶ 36). In response, Nationstar argues that "there is no detail to identify how Nationstar committed these alleged violations." (Mot. to

Dismiss 7:5). Upon review, the Court agrees that the Complaint fails to provide sufficient details as to which aspects of Plaintiffs' debt were "misrepresented" or "wrongfully imposed." As alleged, Plaintiffs' claim under the Federal Debt Collection Practices Act essentially amounts to nothing more than labels and conclusions. *See Twombly*, 550 U.S. at 555. The Court therefore will grant dismissal without prejudice on this claim.

### d. Common Law Tort of Unreasonable Collection Efforts

Plaintiffs allege that Defendants violated the "Tort of Unreasonable Collection Efforts" under Nevada common law. (Compl. ¶ 43). Plaintiffs fail to provide any legal or factual basis for this alleged common law claim. Accordingly, the Court will dismiss this claim without prejudice.

### e. Negligent Misrepresentation

Plaintiffs allege a claim of negligent misrepresentation based on Defendants' false representations "regarding [Plaintiffs'] mortgage account and a foreclosure sale." (*Id.* ¶ 45). Specifically, Plaintiffs assert that "Defendants failed to use reasonable care in communicating the correct status of the Plaintiffs' mortgage loan" and "Plaintiffs relied on the representations to their detriment." (*Id.* ¶ 46).

Nevada has adopted the Restatement (Second) of Torts § 552 definition of negligent misrepresentation. This section provides:

> "One who, in the course of his business, profession or employment, or in any other action in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."

*Halcrow, Inc. v. Eighth Jud. Dist. Ct.*, 302 P.3d 1148, 1153 (Nev. 2013). Claims of negligent misrepresentation must be pled with particularity pursuant to Fed. R. Civ. P. 9(b). *See G.K. Las Vegas Limited Partnership v. Simon Property Group, Inc.*, 460 F.Supp.2d 1246, 1262 (D. Nev.

2006). To satisfy this requirement, the Complaint must plead with particularity "averments to the time, the place, the identity of the parties involved, and the nature of the fraud or mistake." *Brown v. Kellar*, 636 P.2d 874 (Nev. 1981); *see also Allwaste, Inc. v. Hecht*, 65 F.3d 1523 (9th Cir. 1995).

Here, Plaintiffs fail to plead their negligent misrepresentation claim with the required particularity. Specifically, Plaintiffs fail to identify the person making the alleged misrepresentation, the place where it was made, the time that it was made, or the nature of the misrepresentation. Accordingly, the Court will dismiss this claim without prejudice.

### f.  Mortgage Electronic Registrations Systems, Inc. ("MERS")

Plaintiffs include in the Complaint a lengthy series of allegations regarding MERS. (*See* Compl. ¶¶ 47–55). As alleged, these statements do not set forth a cognizable legal claim and are accordingly dismissed without prejudice.

### g.  Accounting

Plaintiffs allege a claim for accounting. (*Id.* ¶ 56). Before a claim for accounting can be pursued, Nevada law requires that the parties to such a claim must first and foremost be partners. *See State v. Elsbury*, 175 P.2d 430, 433 (Nev. 1946). Here, Plaintiffs have not alleged that they are partners with Defendants in any venture. Accordingly, the Court will dismiss this claim without prejudice.

### h.  Declaratory Judgment

Plaintiffs allege a claim for declaratory judgment pursuant to Section 1780 of the California Civil Code. (*See* Compl. ¶¶ 47–55). As explained above, California law is inapplicable in this action. Moreover, declaratory relief is merely a remedy, not a stand-alone cause of action. *See Antaredjo v. Nationstar Mortg.*, 2:13–cv–1532–JCM–CWH, 2014 WL 298810, at *3 (D. Nev. Jan. 27, 2014); *Nguyen v. Washington Mut. Bank, N.A.*, 2:11–cv–1799–

LRH–NJK, 2013 WL 3864110, at *2 (D. Nev. July 24, 2013).  The Court therefore will dismiss this claim with prejudice.

### i. Negligence

Plaintiffs allege a claim for negligence, stating that "Defendants owed a common law and a statutory duty of care to the Plaintiffs to ensure that Plaintiff's contractual rights would be protected, and specifically that the borrowers would be eligible for the HAMP program." (Compl. ¶ 60).

To establish a claim of negligence, Plaintiff must demonstrate that: (1) Defendants owed Plaintiff a duty of care; (2) Defendants breached that duty; (3) Defendants' breach of duty was a legal cause of Plaintiff's injuries; and (4) Plaintiff suffered damages. *See DeBoer v. Sr. Bridges of Sparks Fam. Hosp.*, 282 P.3d 727, 732 (Nev. 2012).

Here, beyond a conclusory assertion, Plaintiffs fail to provide a legal or factual basis that Defendants owed Plaintiffs a duty regarding their "contractual rights."  The Court therefore will dismiss this claim without prejudice.

### j. Wrongful Foreclosure and Sale of Property

Plaintiffs allege a claim for wrongful foreclosure under Section 2924 of the California Civil Code. (Compl. ¶¶ 84, 85).  As explained above, California law does not apply to the foreclosure or sale of this Property.  The Court therefore will dismiss this claim with prejudice.

### k. Negligent and Intentional Infliction of Emotional Anguish

Plaintiffs allege a claim for both negligent and intentional infliction of emotional anguish. (*Id.* ¶¶ 86–96).  Specifically, Plaintiffs claim they have suffered "extreme anxiety and mental anguish" from Defendants' actions. (*Id.* ¶ 89).[3]  Defendants argue that neither claim can survive because Plaintiffs have failed to allege: (1) physical impact, or (2) proof of serious emotional distress causing physical injury or illness. (*See* Mot to Dismiss 9:26–10:1).

---

[3] The Court notes that Plaintiff Estate of Genny Herrera, as an estate, cannot suffer emotional distress.

Defendants are correct with respect to the negligent infliction of emotional distress claim. *See Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998) ("[I]n cases where emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, proof of 'serious emotional distress' causing physical injury or illness must be presented."). However, with respect to intentional infliction of emotional distress, a physical injury or illness is not necessarily required. *See Nelson v. City of Las Vegas*, 665 P.2d 1141, 1145 (Nev. 1983) ("The less extreme the outrage, the more appropriate it is to require evidence of physical injury or illness from the emotional distress."). Nonetheless, the factual allegations in the Complaint are currently insufficient to sustain either cause of action. Accordingly, the Court will dismiss these claims without prejudice.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 30), is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that Plaintiffs' claims based on California law and Plaintiffs' claim for declaratory relief are dismissed **with prejudice**.

**IT IS FURTHER ORDERED** that the remainder of Plaintiffs' claims are dismissed **without prejudice**. The Court grants Plaintiffs leave to file an amended complaint by **April 10, 2017**, in which Plaintiffs may cure, if possible, the deficiencies in these claims. Failure to file an amended complaint by this date shall result in the Court dismissing these claims with prejudice.

**DATED** this __22__ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge